# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHNNY AND CHARLENE MCGILL | CIVIL ACTION |
| VERSUS | NO: 09-377 |
| LEXINGTON INSURANCE COMPANY | SECTION: "C" (4) |

## ORDER AND REASONS[1]

This matter is before the Court on the issue of its subject matter jurisdiction. The Court previously ordered that the parties submit memoranda on the issue of amount in controversy at the time of filing. Rec. Doc. 5. Both parties argued that the jurisdictional minimum was satisfied. Rec. Doc. 7; Rec. Doc. 9. Having considered the record, the memoranda, and the law, the Court has determined that it lacks jurisdiction for the following reasons.

## I. BACKGROUND

The plaintiff homeowners originally filed suit in the Eastern District of Louisiana as part of the mass insurance case of *Aguilar et al. v. Alea London, Ltd. et al.*, Civil Action No. 07-4852, to recover payment for property damage under their insurance policy with Lexington Insurance Company ("LIC"). Rec. Doc. 1 at 1. The case was consolidated with the *In Re Katrina Canal Breaches Consolidated Litigation*, 495 F.3d 191 (5th Cir. 2007). Magistrate Judge Wilkinson issued an order requiring the plaintiffs to each file an individual amended complaint asserting

---

[1] Anna Elsohn, a second year student at Loyola University New Orleans College of Law assisted in the preparation of this opinion.

claims as to their respective property. The homeowners then filed an individualized amended complaint against LIC.[2] Rec. Doc. 1.

At the time of Hurricane Katrina, on August 29, 2005, homeowners Johnny and Charlene McGill claim they were insured under an LIC homeowners' insurance policy providing coverage to their home, a single family residence located at 5351 E. Idlewood Court, New Orleans, Louisiana 70128. Rec. Doc. 7 at 1. Plaintiffs alleged in their original complaint that the damage to their home was caused by the hurricane force winds and consequent failure of levees and that their property was severely damaged and/or destroyed. Civil Action No. 07-4852, Rec. Doc. 1 at 31. They estimated that overall, the damage to their home caused by Hurricane Katrina was approximately $270,385, of which they claimed approximately $120,385 was due to wind damage. Rec. Doc. 7 at 1. They claimed they have received approximately $34,230 in prior payments as well as approximately $109,000 in flood benefits, but they did not mention from whom those payments were received. *Id*. The plaintiffs did not mention what their policy limits were. *Id*.

The defendant also submitted a memorandum arguing that this Court has jurisdiction. Defendant argues that the plaintiffs have no cause of action for which recovery can be obtained. Rec. Doc. 9 at 1. They mentioned that the plaintiffs made a claim for damages and bad faith penalties, Rec. Doc. 7 at 1, and concluded that there is a sufficient amount in controversy for federal subject matter jurisdiction. The defendants also submitted a copy of the plaintiffs' insurance policy. Rec. Doc. 6-2 at 1.

---

[2]Plaintiffs' amended complaint, Rec. Doc. 1, is insufficient because it does not specifically address the damage they claim their property sustained. The plaintiffs only stated that they adopt, "as if copied *in extenso* all of the allegations of fact and law contained in the original and supplemental and amended complaint attached." Rec. Doc. 1 at 2.

## II. LAW AND ANALYSIS

Under 28 U.S.C. §1332, federal district courts have original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–citizens of different states..." 28 U.S.C. §1332. Parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 858 (5th Cir. 1999). Rather, the court must independently determine whether or not it has jurisdiction over the parties and the subject matter of the dispute. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The party attempting to invoke jurisdiction must "allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1983), *cert. denied*, 459 U.S. 1107 (1983). The courts have further instructed that a jurisdictional determination must be conducted in such a manner as to enable an appellate court to ascertain whether the evidence supports the ultimate finding. *Opelika Nursing Home, Inc. v. Richardson*, 448 F.2d 658 (5th Cir. 1971).

The plaintiffs are domiciled in the State of Louisiana and the defendant is a foreign corporation, licensed to do and doing business within the State of Louisiana at the time of Hurricane Katrina. Rec. Doc. 1 at 1. Because the domicile of neither the plaintiffs nor the defendant is disputed, and the parties are completely diverse for the purposes of diversity jurisdiction, Rec. Doc. 1 at 1, the sole issue in this case is whether there is, in fact, over $75,000 in controversy.

The majority of Fifth Circuit cases concerning amounts in controversy deal with cases that were removed from state to federal court. The Fifth Circuit has, however, applied the same principles and procedures to matters over which the federal court has original jurisdiction. *See St. Paul Reinsurance Co. Inc. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998) (dealing with an action for declaratory judgment).

In cases that are removed from state court to federal court, the removing party must be able to show by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). *See also Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth the *facts* in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original). In *Allen*, the court explained that if this "facially apparent" test has not been met, the court may instead require that the parties show "summary judgment-type evidence" regarding the amount in controversy. *Id*. The burden of proving that the minimum jurisdictional amount has been satisfied is on the party invoking the court's jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938) *see also McNutt v. General Motors Corp.*, 298 U.S. 178 (1936). In this case, therefore, that burden falls on the plaintiffs.

Furthermore, in cases concerning insurance policies, the relevant inquiry to determine the amount in controversy is the damage to the property at the time the initial complaint is filed, not the insurance policy limits or the value of the property. *Hartford Ins. Group v. Lou-Con Inc.*,

4

293 F.3d 908 (5th Cir. 2002). Accordingly, in this case the plaintiff's damage estimate, and not the policy limits, controls. Parties would need to provide evidence implicating the limits of the policy, damage assessments, or repair estimates. *Fernandez v. Allstate Ins. Co.*, 2008 WL 314405 (E.D.La. 2008). Notably, no copy of a prerequisite proof of loss was provided as ordered.

In their memorandum addressing subject matter jurisdiction, the plaintiffs mentioned their own estimate of damages–$270,385–for which they did not provide any affirmative proof. Rec. Doc. 7 at 1. Plaintiffs stated that they received approximately $34,230 in prior payments as well as approximately $109,000 in flood benefits, but they did not mention from whom those payments were received. Rec. Doc. 7 at 1. Plaintiffs also submitted a copy of a letter written on October 9, 2007 by their attorney and given to the law firm representing LIC. Rec. Doc. 7-2 at 1. The letter contained the plaintiffs' evaluation of the Katrina damage apparently due under their policy. *Id*. The formal demand includes $120,385.56 for the dwelling, $134,401.00 for additional living expenses, $61,564.00 for contents, $1,500.00 for cost expense and $105,939.59 for attorney fees (a total of $423,790.15–a different amount than they mentioned in their memorandum. Rec. Doc. 7 at 1). Rec. Doc. 7-2 at 1. The plaintiffs did not include any evidence of the damage they claimed their property sustained. They did not mention in either their amended complaint or their memorandum what their policy limits were, and they did not provide a copy of their insurance policy. Rec. Doc. 1, Rec. Doc. 7. The defendant did submit a copy of the plaintiffs' insurance policy. Rec. Doc. 6-2 at 1. It shows the plaintiffs' policy limits under their homeowners' policy and their flood policy. *Id*. Policy limits do not, however, determine the amount in controversy. Affirmative proof showing how much damage the

5

plaintiffs' property sustained would be necessary to determine how much remains in controversy between the parties. Again, no copy of a proof of loss has been provided as ordered.

Finally, plaintiffs made a claim for penalties and they mentioned in their letter the two statutes under which they allege they are entitled to such penalties, La. R.S. 22:658 and La. R.S. 22:1220. Rec. Doc. 7 at 1; Rec. Doc. 7-2 at 1,2. Simply stating that they may be entitled to penalties is not enough. The plaintiffs would have needed to present actual facts indicating the propriety of such penalties and indicating why they are actually entitled to those penalties. *Thompson v. Allstate Ins. Co.*, 2007 WL 763219 (E.D.La. March 18, 2007). The statutes cited by the plaintiffs, La. R.S. 22:658 and La. R.S. 22:1220 spell out the insurer's duty of good faith and fair dealing as well as the insurer's affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims. They also require findings of fact. La. R.S. 22:658 and La. R.S. 22:1220. Neither party has provided facts relevant to the allocation of penalties. In *St. Paul Reinsurance Co.*, 134 F.3d 1250 (5th Cir. 1998), the Fifth Circuit held that a statutory penalty that required no adjudication could be used to establish threshold jurisdiction, but they did not hold that any claim for statutory penalties that would raise the amount in controversy above the jurisdictional minimum would suffice. The plaintiff may be entitled to penalties, but the Louisiana statute details six specific actions that constitute a "breach," and the "breach" must be demonstrated with actual evidence. *Id*. In their original complaint, the plaintiffs claimed that the defendants' acts were "arbitrary and capricious," yet they have not provided evidence demonstrating the "arbitrary and capricious" nature of the defendants' acts. Civil Action No. 07-4852, Rec. Doc. 1 at 36.

Neither party has demonstrated that the amount in controversy exceeds the required

minimum of $75,000, therefore, this Court does not have subject matter jurisdiction over this action.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that plaintiff's complaint is hereby DISMISSED for lack of subject matter jurisdiction under 28 U.S.C. §1332.

New Orleans, Louisiana this 15th day of June, 2009.

_____
**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**